IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIFFANY MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant, | **Civil Action No:**_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff TIFFANY MARTIN ("Plaintiff"), by and through her attorneys, JAFFER LAW, PLLC, and files this *Complaint* against Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("First Advantage"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant regularly conducts business in this district and has a

corporate headquarters in this district.

## PARTIES AND SERVICE

**Plaintiff Tiffany Martin**

4. Plaintiff is a resident of Dallas County, Texas.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under the FCRA 15 U.S.C. § 1681a(c).

**Defendant First Advantage Background Services Corp.**

6. Defendant First Advantage is a "Consumer Reporting Agency" as defined by the FCRA 15 U.S.C. § 1681a(f). Defendant First Advantage conducts substantial and regular business activities in this district with its headquarters located in this district. Defendant First Advantage may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7. At all times material hereto, Defendant First Advantage is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. § 1681d.

8. Among other things, Defendant First Advantage sells consumer background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

9. In or around April 2024, Plaintiff applied for tenancy at The Sydney (the "Apartment").

10. The Plaintiff's tenancy at the Apartment was contingent on the Plaintiff passing a

background check serviced by Defendant First Advantage.

11. On April 29, 2025, Defendant First Advantage published its background check report on Plaintiff to the Apartment (the "Report").

12. In its Report, Defendant First Advantage falsely and erroneously published that Plaintiff had a collection account owed to a landlord (the "Account").

13. The Account that is being reported as a collection owed to a landlord is a collection for Northwood University.

14. Northwood University is not a landlord, but an educational institution.

15. Shortly after Defendant First Advantage published the Report to the Apartment, the Apartment denied tenancy to Plaintiff exclusively due to the false or erroneous publication of the Account on the Report.

16. On May 5, 2025, Plaintiff disputed the publication of the Account over the phone with First Advantage.

17. On May 12, 2025, First Advantage sent a cursory response to Plaintiff stating that the Account was verified as accurate and would remain in Plaintiff's Report.

18. Defendant First Advantage did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's Report because First Advantage published a Report relating to Plaintiff, which contained false and erroneous information about Plaintiff's collection accounts.

19. Defendant First Advantage failed to take adequate steps to verify information before First Advantage included it in Plaintiff's consumer report and later published the Report to users.

20. Due to Defendant First Advantage's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from housing

denials, exasperation of time to fix the erroneous Report published by First Advantage, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

21. Defendant First Advantage willfully or negligently failed to comply with its obligations under the FCRA, 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

22. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the preceding paragraphs as if fully stated at length herein.

23. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

24. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

   c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

25. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records; damage to her

reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

26. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

27. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

28. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the preceding paragraphs as if fully stated at length herein.

29. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

30. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

   c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

31. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court documents; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

32. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

33. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

## **DEMAND FOR TRIAL BY JURY**

34. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| **Dated:** June 4, 2025 | Respectfully submitted, |

                                                **JAFFER LAW, PLLC**

                                                /s/ *Shawn Jaffer*
                                                **Shawn Jaffer**
                                                State Bar No. 156625
                                                14355 Cogburn Rd
                                                Alpharetta, GA 30004
                                                Tel:   (214) 945-0000
                                                Fax:   (469) 669-0786
                                                Email: ecf@jaffer.law
                                                ***Attorneys for Plaintiff***